SUMMONS ISSUED

CV-11 6162

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FEUERSTEIN, J
TOMLINSON, M

John Phillipson                    **Plaintiff**

Docket No.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 20 2011 ★

-against-

ARS National Services LONG ISLAND OFFICE

**Defendant**

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

---

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; and New York General Business law.

2. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff, John Phillipson is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt.

5. Defendant ARS National Services, Inc. (hereinafter ARS) is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

7. The Defendant alleges that the Plaintiff owes a consumer debt (the debt) for a credit card ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

## IV. FACTUAL ALLEGATIONS

8. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

9. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

10. Within one year preceding the date of the filing of the complaint in this action, Defendant placed a telephone call to the Plaintiff and left a messages on the voice mail of the Plaintiff's. The message left by the Defendant on the voice mail of the Plaintiff did not included the notices required by 15 USC 1692e(11). The messages left by the Defendant did not meaningfully identified the Defendant in violation of 15 USC 1692d(6).

11. The Defendant left the following message on the Plaintiff's answering machine:

> *Hey this is Kristy, trying to get in contact with John Phillipson. John, when you call us please use reference number 23743595. My phone is 1800-345-3045 extension 4022. Thank you.*

12. The message left by the Defendant on Plaintiff's voice mail did not give the notice required by 15 USC 1692e(11).

13. The message left by the Defendant on Plaintiff's voice mail was deceptive in that the messages attempted to deceptively induce the Plaintiff into returning the call.

14. The prerecorded message left by the Defendant on the Plaintiff's voice mail did not identify the Defendant as a debt collector.

15. The message left by the Defendant on the Plaintiff's voice mail was per se harassing in that it did it did not meaningfully identify the Defendant as required by 15 USC 1692d(6).

16. The Plaintiff listened to the message left by the Defendant.

17. The Defendant telephoned the Plaintiff numerous times and caused the telephone number that appeared on the Plaintiff's "Caller ID" to display a 631 area code.

18. At no time has the Defendant, or anyone who called the Defendant on Defendant's behalf, been physically located within the area that uses the 631 area code.

19. Defendant caused the 631 area code to be displayed on the Plaintiff's Caller ID unit in an effort to hide their identity to anyone looking at the Caller ID unit. Defendant caused the 631 area code to display on the Plaintiff's caller ID unit to give the Plaintiff the false impression that the Defendant was located physically close to the Plaintiff.

## V. CAUSES OF ACTION UNDER THE FDCPA

20. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

21. Defendant actions and omissions constitute violations of the FDCPA including but not limited to the following:

    a. Defendant violated 15 U.S.C Section 1692d

    b.. Defendant violated 15 U.S.C Section 1692d(6)

    c.. Defendant violated 15 U.S.C Section 1692e

    d. Defendant violated 15 U.S.C Section 1692e(10)

    e. Defendant violated 15 U.S.C Section 1692e(11)

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

22. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

23. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

24. The Defendant left phone messages for Plaintiff while hiding their identify as a debt collector. Additionally, the Defendant utilizes machinery to project false telephone number on the Plaintiff's caller ID unit.

25. Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large, in that on information and belief, the Defendant utilizes the deceptive practices contained herein while attempting to collect debts from New York consumers.

26. The Defendant's actions violate the Plaintiff's right to privacy.

27. The Plaintiff requests that the Court issue an injunction prohibiting the Defendant from leaving messages on consumers' answering machines without disclosing their identity and without disclosing the fact that they are a debt collector. Additionally, Plaintiff requests that the Court issue an injunction prohibiting the Defendant from projecting false telephone numbers on consumer caller ID units, and prohibiting the Defendant from projecting onto a consumer's caller ID unit an area code where the Defendant does not have physical office.

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant, for the following:

A. Actual damages pursuant to the FDCPA; and GBL.

B. Statutory damages pursuant to the FDCPA; and GBL;

C. Nominal damages;

D. Costs and reasonable attorney's fees pursuant to the FDCPA; and GBL

E. Punitive damages pursuant the GBL;

F. Injunctive relief as described herein; and

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro